IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Alton Adams, | ) | C/A No. 8:20-4296-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| County of Lexington;  Jay Koon, *Sheriff of Lexington County*; Doe No. 1, *Publisher employee for Lexington Sheriff Dept.*; Lisa Comer, *Lexington County Clerk of Court*; DOES, *acting in Concert with Lisa Cromer Lexington County's Clerk of Court*; J.K. Burbage, *Deputy*, DOE, *No. 2 employee for Lexington Sheriff Dept. Who Raffield talked to*;  County of Saluda; John C Perry, *Sheriff of Saluda County*; CPT Kelly, *of Saluda County Jail*; John C Perry, *Sheriff of Saluda County*; Supervisor Horn, *Sheriff's Dept.*; Supervisor Doe, *for Cpl. Michael Raffield who appeared and presented evidence at preliminary hearing*; Doe Victim's Advocate, *for Saluda County Sheriff's Dept.*; CPL Michael Raffield, *Sheriff's Dept.*; Janice Ergle, *Major and Administrator for Saluda County Jail*; CPL Clark, *Sheriff's Deputy*; Sgt Vahun, *Saluda County Jail*; Mark A. Keel, *Chief for South Carolina law enforcement Division*; Doe, *Publisher for Sled*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

Plaintiff Alton Adams, proceeding *pro se*, indicates he is a state prisoner and brings this civil rights action pursuant to 42 U.S.C. § 1983.  The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).   Having reviewed the Complaint in accordance with

---

[1] Plaintiff's motion to proceed *in forma pauperis* is granted.  (ECF No. 3.)

applicable law, the court finds this action is subject to summary dismissal in its current form unless Plaintiff follows the instructions in this order.

## I.  Factual and Procedural Background

Plaintiff indicates he is an inmate in the Kershaw Correctional Institution of the South Carolina Department of Corrections. Plaintiff claims that unspecified defendants from the Lexington County Sheriff's Department falsely reported to South Carolina Law Enforcement Division that Plaintiff had an armed robbery conviction, which, in December 2018, caused the Saluda County Sheriff's Department to indict Plaintiff for possession of a firearm by a person convicted of a violent offense after Plaintiff was arrested for domestic violence. Specifically, Plaintiff claims Defendants Corporal Raffield and "Supervisor Doe" of the Saluda County Sheriff's Department swore under oath in court that Plaintiff had an armed robbery conviction even though they failed to confirm that information.

Plaintiff also claims he was convicted of assault and battery in March 2019 and sentenced to four years' imprisonment. (It is unclear if the 2019 conviction is related to Plaintiff's domestic violence arrest.) In prison, Plaintiff was given a higher security classification because of the armed robbery conviction, and in May 2019, Plaintiff was twice assaulted by his roommate. Plaintiff also claims prison staff has failed to treat his diabetes and hypertension.

Plaintiff brings this action for damages and injunctive relief pursuant to 42 U.S.C. § 1983 for numerous constitutional violations, including violations of the First Amendment (retaliation for criticizing the government); violations of the Fourteenth Amendment's Due Process Clause; violations of the Eighth Amendment (deliberate indifferent to medical needs and failure to protect); and violations of the Fourth Amendment's Search and Seizure Clause. Plaintiff also raises

unspecified claims pursuant to 42 U.S.C. §§ 1985, 1986, and 1988. Plaintiff further raises state law tort claims, including defamation, outrage, and fraud.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Initially, the court must describe the manner in which Plaintiff filed this action. Plaintiff filed eleven mostly identical complaints, all with identical allegations, but all with case captions that include different mixes of mostly the same defendants. Those complaints all include the same forty-six numbered allegations. However, Plaintiff also filed one copy of allegations forty-seven through one hundred seventy-eight, without a case caption. The first forty-six allegations concern claims about the armed robbery charge reported by the Lexington County Sheriff's Department and the domestic violence arrest by the Saluda County Sheriff's Department. But allegations forty-seven and beyond are related to Plaintiff's conditions in the Kershaw Correctional Institution and include Plaintiff's enumerated causes of action and prayer for relief. Because the copy with allegations forty-seven and beyond did not have a caption, the only named defendants are those listed in the captions of the first eleven complaints, who are only defendants related to the Lexington County and Saluda County Sheriff's Departments.[2] After the initial pleadings were docketed (all as one Complaint), Plaintiff filed more pleadings that appear to raise the same facts and causes of action as the original pleadings, which were docketed as supplements to the

---

[2] Consequently, this case was filed on the docket as one case, rather than separate actions.

Complaint. All told, the pleadings number nearly two hundred pages, including dozens of causes actions, many of which are repetitive and do not state to which defendants they apply. Moreover, the allegations and causes of action are disorganized among those pages, making them difficult to comprehend.

Accordingly, the court concludes that Plaintiff's Complaint violates Federal Rule of Civil Procedure 8, which requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Complaint fails to clearly state its claims so that the defendants would be on notice of the claims such that they could defend themselves. See North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (affirming dismissal of a complaint under Rule 8 where "the complaint . . . does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it"); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018). Therefore, Plaintiff's Complaint, in its current form, is subject to dismissal for failure to comply with Rule 8.

Also, the defendants named in this lawsuit appear to correlate to Plaintiff's allegations about his domestic violence arrest and reported armed robbery charge, but the defendants do not appear to have any logical connection to his allegations about the conditions of his confinement in prison. Therefore, Plaintiff's claims about his conditions of confinement in prison are not properly brought in this lawsuit. See generally Fed. R. Civ. P. 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); Owens v.

Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . . but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act . . . .  Complaints like this . . . should be rejected either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal quotation marks and citations omitted).  Consequently, Plaintiff's claims regarding his conditions of confinement are subject to summary dismissal because Plaintiff does not name any defendants who are involved in his confinement; but even if he did name such defendants, those claims are unrelated to his claims against the sheriff's departments and should be filed as a separate lawsuit.

Consequently, Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an amended complaint regarding only his claims against the Lexington County Sheriff's Department and the Saluda County Sheriff's Department.[3]

---

[3] If Plaintiff seeks to file a lawsuit regarding his conditions of confinement, he must bring a separate civil action that names defendants who are related to claims about his confinement.  To the extent Plaintiff's allegations about the conditions of confinement speak to his claims against the sheriff's departments, those allegations would be properly made in this lawsuit.

Plaintiff should use the standard complaint form attached to this order.[4] The amended complaint should be complete within itself and may not refer back to the original complaint. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . ."). If Plaintiff fails to file an amended complaint, this matter will be recommended for summary dismissal for failure to comply with Rule 8 and/or failure to comply with a court order.[5]

---

[4] Plaintiff must place the civil action number listed above (C/A No. 20-4296-MGL-PJG) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall **not** use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Therefore, Plaintiff must comply with the following: **If your mailing address changes**, **you must notify the Clerk of Court in writing (901 Richland Street, Columbia, South Carolina 29201) and provide the court with your new address**. This assures that you will receive orders or other matters that specify deadlines for you to meet. If you miss a deadline because of your failure to notify the court that your address changed, **your case may be dismissed,** and your failure to notify the court will not be excused.

[5] The Clerk of Court shall mail a copy of this order and the proper form documents to Plaintiff. At the expiration of the deadline set above, the Clerk shall forward the file to the assigned United States Magistrate Judge. See In Re: Procedures in Civil Actions Filed by Prisoner *Pro Se* Litigants, No. 3:07-mc-5014-JFA.

**IT IS SO ORDERED**.

February 3, 2021
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).