

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ALTON ADAMS, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION 8:20-4296-MGL-PJG |
| § | |
| § | |
| COUNTY OF LEXINGTON; JAY KOON, § | |
| *Sheriff of Lexington County*; DOE NO. 1, § | |
| *Publisher employee for Lexington Sheriff's* § | |
| *Department*; J.K. BURBAGE, *Deputy*, DOE § | |
| No. 2 *employee for Lexington Sheriff Dept.* § | |
| *Who Raffield talked to*; COUNTY OF § | |
| SALUDA; CPT KELLY, *of Salida County* § | |
| *Jail*; JOHN C PERRY, *Sheriff of Salida* § | |
| *County*; SUPERVISOR HORN, *Sheriff's Dept.*; § | |
| SUPERVISOR DOE, *for Cpl. Michael Raffield* § | |
| *who appeared and presented evidence at* § | |
| *preliminary hearing*; DOE VICTIM'S § | |
| ADVOCATE, *for Saluda County Sheriff's* § | |
| *Dept.*; CPL MICHAEL RAFFIELD, *Sheriff's* § | |
| *Dept.*; JANICE ERGLE, *Major and* § | |
| *Administrator for Saluda County Jail*; CPL § | |
| CLARK, *Sheriff's Deputy*; SGT VAHUN, § | |
| *Salida County Jail*; and RAY DELOACH, § | |
| *Jailer for Salida County Jail*, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AS MODIFIED HEREIN,
DISMISSING WITHOUT PREJUDICE THE CLAIMS AGAINST KOON,
AND DENYING THE MOTION ON THE PLEADINGS AS TO DOE NO. 1**

Plaintiff Alton Adams (Adams) filed this lawsuit against the above-named defendants under 42 U.S.C. 1983 and the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15-78-10I, *et seq*. Adams is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Adams's claims against Defendant Jay Koon (Koon) pursuant to the SCTCA be dismissed without prejudice; and the motion for judgment on the pleadings be granted as to Defendant Doe No. 1 (Doe No. 1). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 16, 2021, the Clerk of Court entered Adams's objections on July 30, 2021, Defendants filed their reply to the objections on August 19, 2021, and the Clerk entered Adams's sur-reply to Defendants' reply on September 7, 2021.

The Magistrate Judge suggests the Court dismiss Adams's claims against Koon for lack of subject matter jurisdiction. Adams fails to object to this portion of the Report. Therefore, having found no clear error, the Court will adopt this portion of the Report.

The Magistrate Judge also recommends that the Court grant the motion for judgment on the pleadings as to Adams's defamation claim against Doe No. 1. The basis of this claims is that Adams contends he has never been convicted of armed robbery, but Doe No. 1 allegedly stated he has been.

The Magistrate Judge states that the record shows that Adams, indeed, pled guilty to armed robbery in 2003. Consequently, according to the Magistrate Judge, the Court ought to grant the motion on the pleadings as to Doe No. 1, thus dismissing Adams's defamation claim against Doe No. 1.

But, in Adams's objections, he contends he pled guilty to strong arm robbery, not armed robbery. The confusion here appears to arise from the assumption that strong arm/armed robbery and armed robbery are the same. But, they are not.

Strong arm/armed robbery is a lesser included offense of armed robbery. *State v. Prather*, 840 S.E.2d 551, 558 (S.C. 2020). "Strong [arm/armed robbery] is defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003). "Armed robbery occurs [only] when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon." *State v. Mitchell*, 675 S.E.2d 435, 437(S.C. 2009).

The Court's careful review of the record reveals Adams is correct. He pled guilty to strong arm/armed robbery in 2003, not armed robbery. Therefore, the Court will sustain Adams's objections on this point and deny the motion on the pleadings as to Doe No. 1.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Adams's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Adams's claims against Koon pursuant to the SCTCA are **DISMISSED WITHOUT PREJUDICE**; and the motion for judgment on the pleadings is **DENIED** as to Defendant Doe No. 1.

**IT IS SO ORDERED**.

Signed this 1st day of February, 2022, in Columbia, South Carolina.

                                          s/ Mary Geiger Lewis
                                          MARY GEIGER LEWIS
                                          UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Adams is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.