

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

|  |  |  |
|---|---|---|
| ALTON ADAMS, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION 8:20-4296-MGL-PJG |
| | § | |
| | § | |
| DOE NO. 1, *Publisher employee for Lexington* | § | |
| *Sheriff Dept.*, JOHN C. PERRY, CPL | § | |
| MICHAEL RAFFIELD, and CPL CLARK, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Plaintiff Alton Adams (Adams) filed this lawsuit against the above-named defendants under

42 U.S.C. 1983 and the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15-78-10I,

*et seq*. Adams is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the

United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted

as to Adams's § 1983 malicious prosecution claim and state law defamation claim (to the extent it

is based on actual malice) against Defendants Michael Raffield (Raffield) and Cpl. Clark (Clark).

She further recommends that, because the Court lacks subject matter jurisdiction over Adams's state

law malicious prosecution and defamation claims, which must be brought pursuant to the SCTCA

against John C. Perry (Perry), those claims should be dismissed pursuant to Federal Rule of Civil

Procedure 12(b)(1). In addition, the Magistrate Judge notes that Doe No. 1 has not been served with

process, and the time to do so is well past. Therefore, she recommends Doe No. 1 should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 9, 2022, but Adams failed to file any objections, although the Court granted him an extension of time to do so. After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Raffield's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court that Defendants' motion for summary judgment is **GRANTED** as to Adams's § 1983 malicious prosecution claim and state law defamation claim (to the extent it is based on actual malice) against Raffield and Clark; because the Court lacks subject matter jurisdiction over Adams's state law malicious prosecution and defamation claims, which must be brought pursuant to the SCTCA against Perry, those claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1); and the claims against Doe No. 1 are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Signed this 10th day of January, 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Adams is hereby notified of the right to appeal this Order within thirty days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.