

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| ALTON ADAMS, | § | |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION 8:20-4296-MGL-PJG |
| | § | |
| | § | |
| DOE NO. 1, *Publisher employee for Lexington* | § | |
| *Sheriff Dept.*, JOHN C. PERRY, CPL | § | |
| MICHAEL RAFFIELD, and CPL CLARK, | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTIONS TO RECONSIDER AND FOR A NEW TRIAL**

**I.     INTRODUCTION**

Plaintiff Alton Adams (Adams), who is representing himself, filed this lawsuit against Defendants John C. Perry (Perry), CPL Michael Raffield (Raffield), and CPL Clark (Clark) (collectively, Defendants). He also brought claims against several others, but those claims have been previously dismissed. For instance, Defendant Doe No. 1 has not been served with process, and the time to do so is well past. Therefore, the Court earlier dismissed Doe No. 1 pursuant to Fed. R. Civ. P. 4(m).

As is relevant here, the Magistrate Judge construed Adams's amended complaint to be bringing the following claims, for which he seeks damages and injunctive relief: claims pursuant to 42 U.S.C. § 1983 against Raffield and Clark for malicious prosecution in violation of the Fourth Amendment, as well as state law claims of defamation and malicious prosecution; and claims

pursuant to the South Carolina Tort Claims Act (SCTCA), S.C. Code Ann. §§ 15-78-10 *et seq*. against Perry for defamation and malicious prosecution.

This matter is before the Court for consideration of Adams's two motions: (1) his motion to reconsider both (a) the Court's January 12, 2023, Order and Judgment dismissing his remaining claims, and (b) the Magistrate Judge's March 22, 2022, Order denying his motion for sanctions; and (2) his motion for a new trial.  Having carefully considered the two motions, the response, the record, and the applicable law, it is the judgment of the Court it should  deny both motions.

## II.     PROCEDURAL HISTORY

The factual history of this case is set forth in the Report.  For the purpose of deciding these motions, it is unnecessary to repeat it here.

Below is a list of the relevant dates and events in the Court's consideration of Adams's two motions:

| | |
|---|---|
| March 22, 2022 | The Magistrate Judge denied Adams's motion for sanctions. |
| December 9, 2022 | The Magistrate Judge filed her Report and Recommendation (Report) suggesting that the Court grant summary judgment as to Adams's § 1983 malicious prosecution claim and state law defamation claim (to the extent it is based on actual malice) against both Raffield and Clark.  She further recommended that, because the Court lacks subject matter jurisdiction over Adams's state law malicious prosecution and defamation claims (not based on malice in fact),  which must be brought in state court pursuant to the SCTCA, those claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Adams's Objections to the Report were due on December 28, 2022. |

| | |
|---|---|
| December 13, 2022 | Adams filed a supplement to his response in opposition to Defendants' motion for summary judgment. |
| December 27, 2023 | Adams filed a motion for an extension of time to file his objections. The Court granted the motion and gave him until January 9, 2023, to file objections. |
| January 12, 2023 | Noting that Adams had failed to file any objections, the Court filed an Order adopting the Report and entered Judgment in favor of Defendants. |
| January 23, 2023 | Adams filed his motion for reconsideration |
| January 27, 2023 | Adams filed his motion for a new trial |
| April 3, 2023 | In light of the Court's ordering Defendants to do so, they filed a response in opposition to Adams's two motions. |

The Court, having been fully briefed on the relevant issues, will not adjudicate Adams's two motions.

### III.    STANDARD OF REVIEW

"A Rule 59(e) motion is discretionary [and] . . . need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).  It is an extraordinary remedy that should be applied sparingly.  *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted) (internal quotation marks omitted).

## IV.  DISCUSSION AND ANALYSIS

### A.  *Whether the Court should grant Adams's motions to reconsider and for a new trial as they relate to the Court's January 12, 2023, Order and Judgment dismissing his remaining state and federal claims*

The Court construes Adams's two motions as being filed under Fed. R. Civ. P. 59(e).  He fails to assert there has been an "intervening change of controlling law," *Robinson,*, 599 F.3d at 411.  Thus, if Adams is to receive any relief, it will be because "new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Id*.  Defendants contend his motions should be denied.

Concerning the new evidence prong, attached to Adams's motion for reconsideration is a January 18, 2023, affidavit from the attorney for his state criminal proceedings.  In it, his attorney attests he failed to receive notice for two of Adams's preliminary hearings, as well as other hearings related to his underlying state court criminal case.

But, it is unclear what this might have to do with the Court's consideration of these two motions.  Nevertheless, even if it was applicable, Adams has failed to provide any explanation as to why he is just now presenting this evidence to the Court.

According to well-established law in this circuit, "[i]f a party relies on newly discovered evidence in [his] Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir.1996) (citation omitted) (internal quotation marks omitted).  And, besides, as the Court already stated, Rule 59(e) "may not be used to . . . present evidence that could have been raised prior to the entry of judgment"  *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (citation omitted) (internal quotation marks omitted).  This affidavit could have certainly been presented well before the Court entered judgment.

Regarding the "need to correct a clear error or prevent manifest injustice[,]" *id.*, Adams has failed to make any such showing here.

The Court is required to liberally construe pro se pleadings, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Thus the Court will sometimes, when appropriate, construe a pleading to be something other than what the movant titled his motion to be.  *See, e.g., Hester v. N.C. Atty. Gen.*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) (interpreting a "notice of appeal" as "objections to the report" when the petitioner filed a notice of appeal during the time period for filing objections to the Report); *Manning v. SCDC*, No. 8:23-cv-1803-MGL, 2023 WL 4657973, at *2 (D.S.C. July 20, 2023) ("[T]he Court will ignore the legal label that [movant] attached to his filing and recharacterize it as a Rule 59(e) motion instead of a notice of appeal.").

The Court has considered whether it ought to interpret Adams's two motions as untimely filed objections instead of motions to reconsider and for a new trial.  Nevertheless, even if the Court decided to do so, it would overrule the objections as being wholly without merit as they relate to this case.

The Court has also reviewed Adams's supplement to his response in opposition to Defendants' motion for summary judgment, which he filed during the time that objections were due.  It has construed it both as a supplement and as objections.  But, either way, the Court concludes the arguments contained therein also lack any merit as to the issues in this case.

Finally, to the extent Adams seeks to add new claims in his motions and/or his supplement, it will be disallowed.  *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (holding a plaintiff could not raise a new claim in response to a summary judgment motion); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2723 (3d ed. Supp.2005) ("A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion.").

For all of these reasons, the Court will deny Adams's motions to reconsider and for a new trial as they relate to the Court's Order and Judgment dismissing his remaining state and federal claims.

### B. Whether the Court should grant Adams's motion to reconsider the Magistrate Judge's March 22, 2022, Order denying his motion for sanctions

In the heading of Adams's January 23, 2023, motion to reconsider, he also moves the Court to reconsider the Magistrate Judge's March 22, 2023, decision denying his motion for sanctions. Defendants contend the request to reconsider the Order is untimely.

As per Fed. R. Civ. P. 72(a), "[a] party may serve and file objections to [an order such as this] within [fourteen] days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Rule 72(a) further states that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Adams waited from March 22, 2022, until January 23, 2023, ten months and a day, to object to the Magistrate Judge's decision denying his motion for sanctions. This, of course, is well outside the fourteen-day window provided in Rule 72(a). Thus, the Court will also deny Adams's motion to reconsider the Magistrate Judge's Order denying his motion for sanctions.

### IV. CONCLUSION

Therefore, in light of the foregoing discussion and analysis, both Adams's motions to reconsider and for a new trial are **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of August, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

6

**\*\*\*\*\***
## NOTICE OF RIGHT TO APPEAL

Adams is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.